THE AMERICAN TRUST COMPANY v. W. S. GOODE ET AL.

(Filed 25 November, 1914.)

**Principal and Agent—Commissions—Pleadings—Trials—Proof.**

In an action to recover commissions for sale of lands it is unnecessary for the plaintiff to allege in his complaint the various stages leading up to the consummation of the transaction; and in this case it is held that it was not necessary for the plaintiff to have alleged that the defendant procured a loan for the purchaser through the agent of the former as a condition for the sale, and that the same agent therein acted for both, in order to show the fact by his evidence. The charge of the court is according to the decision on a former appeal. 164 N. C., 19.

APPEAL by defendants from *Adams, J.*, at February Term, 1914, of MECKLENBURG.

*Pharr & Bell and John W. Hutchison for plaintiff.*
*Cansler & Cansler for defendants.*

CLARK, C. J. This case was before the Court, 164 N. C., 19, when the judgment of nonsuit was reversed. The defendants now appeal from a verdict and judgment for $350. The plaintiff conducts a real estate business, acting as agent and broker in buying and selling real estate. The defendants placed their property in plaintiff's hands for sale and asked Griffith, the plaintiff's agent, to sell the property to one Lummus,

with whom they knew Griffith was negotiating for the sale of such real estate. The male defendant wanted $35,000 for the property. Griffith had several meetings with Lummus in regard to selling the property to him. Before the sale was perfected Lummus saw the male defendant, and he agreed to sell for $31,000 and a second-hand automobile, valued at $1,500. The defendant Goode then informed Griffith, and asked him to draw up the terms of the contract, one of the terms of which was that Goode would secure a loan for Lummus of $20,000. Griffith, at Goode's request, procured this loan for Lummus and placed the amount to Goode's credit in the bank. There was subsequently a disagreement as to the amount of the commission, Griffith demanding 3 per cent, according to the custom of brokers in Charlotte, and brought this action to recover $975. The jury gave him a verdict of $350, and from the judgment on this verdict the defendants appeal.

The defendants insist strongly upon their assignment of error, No. 22, which is because the court charged, "If you find by the greater weight of the evidence that the plaintiff was negotiating the sale of the property to Lummus, and you further find that Griffith was the plaintiff's agent, and as such agent acted also as the agent of the defendants in securing the loan for the buyer, and procured the loan to be made, and that the procuring of this loan was the condition upon which the trade was to be consummated—that is, that the sale was to be effected on condition that the loan was made—you will find in that event that the plaintiff, nothing else appearing, was the procuring cause of the sale."

The defendants assign error because there is no allegation in the complaint that the sale was conditioned upon the procurement of the loan or that the plaintiff's agent was acting for the defendants in securing the same, and because there was no evidence to support the charge that the sale was conditioned upon the procurement of the loan.

The matter of procuring the loan was only an incidental matter, so to speak, a part of the *res gestæ*. Being merely evidential, it was not necessary that it should be pleaded in the complaint. The broker was entitled to give a full narration of the incidents connected with the sale without having pleaded them.

The charge of the court on the various phases of the evidence is in entire accord with the principles of law laid down in the former appeal in this case, in which it was held that, "While real property remains in the hands of a broker for the purpose of sale, the owner may not consummate the sale with one who had become interested as the proposed purchaser through the efforts of the broker, and escape liability for the payment of a commission." As pointed out in that case, the defendants received the full benefit of Griffith's services in selling the property, negotiating the loan, and in preparing and executing the necessary

papers. · The defendants inquired the amount of the commissions, and on disagreement about the amount the defendants denied all liability; but the plaintiff is entitled to recover reasonable commissions, and the jury have determined the amount under a very proper charge from the court.